UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| NORMAN THOMAS, | ) | |
|  | ) | Case No. 1:14-cv-1139 |
| Plaintiff, | ) | |
| v. | ) | Honorable Paul L. Maloney |
|  | ) | |
| ARLINGTON ESTATE | ) | |
| MOBILE HOME PARK, et al., | ) | **REPORT AND RECOMMENDATION** |
|  | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by Norman Thomas.  His complaint consists of one paragraph and a number of attached exhibits.  Plaintiff alleges:

> This park put me and my service dog th[rough] hell for almost ten years[.]  I want money I p[ai]d out to lawyers and his license be taken away for 5 years and a watch on this park because they have been doing this for year[s].

The complaint's caption lists seven defendants:  Arlington Estate Mobile Home Park, David Bowen, Foster Potter, David Potter, Teresa Jones, John Cristian, and Rick Tolle.  The attached exhibits indicate that Attorney Tolle represented plaintiff during eviction proceedings conducted in Muskegon County Circuit Court.  Attorney Bowen represented the mobile home park.  The complaint is devoid of specific factual allegations against any defendant. This court granted plaintiff leave to proceed *in forma pauperis* in light of his indigence.  (docket # 4).   Upon review, I recommend that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted.

**Applicable Standards**

Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007).  An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 50 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiffs, accept the plaintiffs' factual

allegations as true, and draw all reasonable factual inferences in plaintiffs' favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's *Iqbal* decision emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

### Discussion

Plaintiff's complaint fails to make any specific factual allegation against any defendant. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *LaMie v. Wright*, 1:12-cv-1299, 1686145, at * 17 (W.D. Mich. Apr. 29, 2014); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases).

### Recommended Disposition

For the reasons set forth herein, I recommend that this lawsuit be dismissed under 28 U.S.C. § 1915(e)(2) because plaintiff's complaint fails to state a claim upon which relief can be granted.

Dated:   November 24, 2014          /s/  Phillip J. Green
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)