UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NORMAN THOMAS,<br>    Plaintiffs,<br><br>-v-<br><br>ARLINGTON ESTATE MOBILE HOME PARK,<br>DAVID BOWEN, FOSTER & DAVID POTTER,<br>TERESA JONES, JOHN CRISTIAN, and<br>RICK TOLLE,<br>    Defendants. | No. 1:14-cv-1139<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

Plaintiff Norman Thomas filed this lawsuit on November 4, 2014. Thomas is not an attorney, is not represented by an attorney, and has been granted leave to proceed *in forma pauperis*. The Court referred the lawsuit to the magistrate judge under 28 U.S.C. § 636. The magistrate judge reviewed the complaint and issued a report recommending the lawsuit be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. (ECF No. 7.) The report and recommendation informed Thomas that he had 14 days to file objections. Thomas timely filed a single-page document which this Court has interpreted as his objections to the recommendations. (ECF No. 9.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

After careful consideration, the report and recommendation is **ADOPTED** as the opinion of this Court.  The R&R correctly outlines what the legal standard for pleading a viable claim in federal court.  The magistrate judge accurately concluded that Thomas's complaint failed to allege specific factual allegations about any defendant.  The one-page complaint is less than 50 words long.  Thirty of those words describe the relief Thomas seeks.  The objection does not overcome the problems identified by the magistrate judge.  The objection mentions only defendants Bowen and Arlington Estates.  The objection, like the complaint, contains insufficient factual allegations about the actions of any defendant.  Thomas alleges he suffered "ten years of terror," was "kicked out of my home 3 times," was forced to board his dog in a kennel, had to rent a home for a year, and that his mobile home and its contents were destroyed.  These statements, without more context, do not provide sufficient facts to state a claim upon which relief may be granted.  None of those alleged actions are attributed to either Bowen or Arlington Estates.  Thomas alleges the defendants broke fair housing laws and that he is entitled to damages from lost rental income.  Both of these are legal assertions that the Court need not accept for the purpose of determining whether the complaint states a claim upon which relief can be granted.

Because the complaint fails to state a claim upon which relief can be granted, the lawsuit is **DISMISSED.  IT IS SO ORDERED.**

Date:   December 5, 2014                                         /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 Chief United States District Judge